**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IN RE: LETTERS OF REQUEST FOR
JUDICIAL ASSISTANCE FROM THE
NATIONAL COURT OF THE FIRST                    Case No. 3:16-mc-28-J-34JBT
INSTANCE IN COMMERCIAL MATTERS
NO. 23 IN BUENOS AIRES, ARGENTINA
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the United States of America's Application for Appointment of Commissioner under 28 U.S.C. § 1782 (Doc. 1; Application). In the Application, the government requests that the Court appoint Assistant United States Attorney Ronnie S. Carter as a Commissioner "for purposes of gathering the requested evidence and taking all other necessary actions, including issuing necessary subpoenas and correspondence," pursuant to a letter rogatory[1] from National Judge Maria Jose Gigy Traynor, National Acting Judge of First Instance of the Court of First Instance on Commercial Matters Number 23 in Buenos Aires, Argentina (hereinafter, the "Argentinian Court"). See id. at 1. In support of the request, the government provided a copy of the original Spanish-language letter rogatory together with an English translation. See generally id. Exhibits A, B (Letter Rogatory). The Argentinian Court issued the Letter Rogatory pursuant to the Convention on the Taking of Evidence Abroad in Civil or

---

[1] "A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 248 n. 1 (2004) (quoting Jones, International Judicial Assistance: Procedural Chaos, and a Program for Reform, 62 Yale L.J. 515, 519 (1953)).

1

Commercial Matters (Convention), to which both Argentina and the United States are parties.[2]  See id. at 1–3, Exhibit B at 2.

Upon review of the Application and Letter Rogatory, and the Court having fully considered the matter, it is hereby

**ORDERED**:

1. The United States of America's Application for Appointment of Commissioner under 28 U.S.C. § 1782 (Doc. 1) is **GRANTED** as follows.

2. Pursuant to the authority conferred by the Convention, as well as 28 U.S.C. § 1782, and this Court's inherent authority, Assistant United States Attorney Ronnie S. Carter (or a substitute or successor designated by the Office of the United States Attorney) is appointed as Commissioner of this Court (hereinafter referred to as the "Commissioner"), who shall have the power to issue subpoenas, administer any necessary oaths, and take testimony or statements in order to execute and fulfill the Letter Rogatory.  In addition to the Federal Rules of Civil Procedure and Article 21 of the Convention, the following rules shall govern:

   a. The Commissioner may issue commissioner's subpoenas to be served within the Middle District of Florida on Merrill Lynch, ordering its representative(s) to appear, testify, and produce evidence related to or in satisfaction of the Letter Rogatory.  The subpoena shall provide notice of the relief available in subparagraph d.

---

[2] See Acceptances of Accessions, https://www.hcch.net/en/instruments/conventions/status-table/acceptances/?mid=484 (last visited May 31, 2016); see also Convention, 23 U.S.T. 2555, T.I.A.S. No. 7444.

b. The Commissioner shall provide a copy of the subpoena to any person identified in the Letter Rogatory as a party to whom notice should be given as well as any person whose information is the subject of a subpoena request.

c. The Commissioner shall adopt procedures to collect the evidence requested consistent with its use in the proceeding for which the Argentinian Court has requested assistance, including those procedures specified in the Letter Rogatory or subsequent correspondence as well as such procedures provided by or with the approval of the Central Authority of Argentina under the Convention.

d. Merrill Lynch may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with this Court.

e. The government may seek such further orders of this Court as may be necessary to execute the Letter Rogatory, including orders to show cause why persons served with Commissioner's subpoenas who fail to produce evidence should not be held in contempt.

f. The government shall certify and submit the evidence collected to the Office of International Judicial Assistance, U.S. Department of Justice, or as otherwise directed by that office for transmission to the Argentinian Court.

g. The government may disclose copies of this Order as necessary to comply with these procedures or accomplish the purposes of the Letter Rogatory.

3. In all other respects, the United States of America's Application for Appointment of Commissioner under 28 U.S.C. § 1782 (Doc. 1) is **DENIED**.

DONE and ORDERED in Jacksonville, Florida, this 31st day of May, 2016.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

U.S. Attorney (Carter)